Argued July 13, affirmed September 12, 1978

FORBES et ux, *Respondents,*
*v.*
MERCADO, *Appellant.*
(No. 97137, SC 25550)

583 P2d 552

David W. Hittle, of Dye & Olson, Salem, argued the cause and filed a brief for appellant.

Michael L. McDonough, Salem, argued the cause for respondents. On the brief was Paulus & Callaghan, Salem.

Before Holman, Presiding Justice, and Howell, Bryson, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

Plaintiffs brought an action for damages for the breach of an implied warranty of habitability of a dwelling purchased from defendant who was the builder and seller. Defendant appeals from a judgment for plaintiffs entered after a trial to the court without a jury.

Defendant's only assignment of error is a demurrer to plaintiffs' complaint on the ground that it failed to state a cause of action. The complaint is being tested for the first time in this court as no demurrer was interposed in the trial court.

Plaintiffs' complaint alleged that plaintiffs purchased a new dwelling house and the land upon which it stood from defendant, who was the seller-builder. It further states that the water from the well on the premises contained such a high iron content that it was not suitable for domestic purposes, that it damaged the plumbing and appliances, and, as a result, the house was not habitable. They alleged they took title on November 12 and by the following January 15 it became evident that the water was not usable. They ask for damages for the expense of drilling a new well and installing a new water system.

There can be no claim that the evidence does not support the judgment when the only assignment of error is the contention that the complaint fails to state a cause of action. Defendant states the question presented, as follows:

> "Whether a builder who has not made false representations and who has not been negligent in either failing to discover defects in a domestic water well drilled on the property by his subcontractor or in failing to warn the purchaser of known defects in the well will, nevertheless, be held liable if the well turns out to be aesthetically unpalatable due to contamination from the natural geological condition of the land."

The complaint, however, says nothing about aesthetics or the geological condition of the land.

[ 293 ]

This case is strikingly similar to *Yepsen v. Burgess,* 269 Or 635, 525 P2d 1019 (1974). In *Yepsen,* the builder-seller installed upon the land a septic tank and drainage system which backed up and made the premises uninhabitable. We there held the builder-seller strictly liable upon an implied warranty that the premises were "fit for habitation," which is nothing more than an implied warranty of fitness for a particular purpose. 269 Or at 641. We cannot distinguish such a situation from a water system, installed upon the land, which does not furnish usable water. *Yepsen* included the septic tank and drainage system within the warranty because they were "the product of the builder's work upon the land in conjunction with the construction and sale of the structure," and because they were "so essential to the use of the house that for warranty purposes their proper installation may be deemed a part of the structure sold." 269 Or at 642. The same reasoning applies to wells which provide water for domestic purposes. Where it applies, the warranty has been assumed to cover defects that render a house uninhabitable, regardless of whether they could have been prevented by the exercise of reasonable care. See *Cook v. Salishan Properties,* 279 Or 333, 336-38, 569 P2d 1033 (1977).

Defendant argues that the defect in the system was caused by an inherent, unascertainable condition of the land and that our opinion in *Cook, supra,* holds that the seller is not responsible for the condition of the land. *Cook* was a transfer of a platted lot; no dwelling was sold that was unusable. In both *Yepsen* and this case, an uninhabitable residence was sold. The answer is that the seller impliedly warrants a dwelling with a usable water system because the dwelling is uninhabitable if the system is otherwise.

■ Defendant also cites *Beri, Inc. v. Salishan Properties, Inc.,* 282 Or 569, 575, 580 P2d 173 (1978), in which we held that there was no implied warranty of the condition of the land upon which the seller had built

condominiums which were sold[1] to the plaintiffs when the defect was "in no sense the product of defendants' work on the land." The well, obviously, was the product of defendant's work on the land and it did not furnish usable water; without it the house was not habitable.

The judgment of the trial court is affirmed.

[1] In both *Beri, Inc. v. Salishan Properties, Inc.,* 282 Or 569, 580 P2d 173 (1978) and *Cook v. Salishan Properties,* 279 Or 333, 569 P2d 1033 (1977), the transactions were actually long term leases with the right to renew indefinitely. These transactions were treated as the equivalent of a sale.